```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EAST MARK INTERNATIONAL, LTD.    :    CIVIL ACTION
                                 :
          v.                     :
                                 :
ADAR, LLC,                       :    NO. 13-1204
d/b/a THE LINCOLN ON LOCUST,     :
L.P.                             :
```

<u>MEMORANDUM</u>

Bartle, J.                                          October 28, 2013

      Before the court is the emergency motion of intervenors Benzion "Sam" Faibish ("Faibish") and Yehuda Olewski ("Olewski") "to enforce Stipulated Order and mandatory injunctive relief."

      On March 3, 2013 plaintiff East Mark International, LTD. ("East Mark") filed a complaint for confession of judgment against defendant ADAR, LLC d/b/a The Lincoln on Locust, L.P. ("ADAR"). East Mark is corporation organized under the laws of the Marshall Islands with its principal place of business in Hong Kong. Gershon Engel is the sole owner of East Mark. In the complaint, East Mark alleged that it held a valid first mortgage in the amount of $3,600,000 on a property located at 1222-1226 Locust Street, Philadelphia, Pennsylvania ("the property"), which consists of a building containing approximately 41,216 square feet. The property is owned by defendant Lincoln on Locust, LP ("Lincoln on Locust"). ADAR, whose sole member is Jacob Ungar

("Ungar"), is the general partner of Lincoln on Locust.[1] East Mark further averred that Lincoln on Locust defaulted on the mortgage which resulted in the full amount of the mortgage becoming due.

On March 4, 2013, the Clerk of the Court entered judgment in favor of East Mark in the amount of $3,780,000, which amount included interest due. On March 18, 2013, East Mark filed a praecipe for writ of execution. The Clerk thereupon issued the writ and forwarded it to the United States Marshal. The Marshal scheduled the sale of the property for June 24, 2013.

On June 6, 2013, Faibish and Olewski filed in this court an "emergency motion for temporary restraining order." They also moved orally to intervene as defendants. In the emergency motion, intervenors claimed that they had a 42.5% ownership interest in Lincoln on Locust and the property at issue. They further asserted that the mortgage held by East Mark was a fraud intended to deprive them of their ownership interest in the property. Faibish and Olewski were also concerned that any money obtained as a result of the Confession of Judgment would swiftly be transferred out of the United States since East Mark is an offshore entity.

---

[1] The ownership of Lincoln on Locust is disputed. Lincoln on Locust claims that Andre Engel is a limited partner with a 99% interest and ADAR (that is, Jacob Ungar) has a 1% interest. Andre Engel is the father of Gershon Engel, the owner of East Mark. As will be discussed later, intervenors Faibish and Olewski claim they and their partners own a 42.5% interest in Lincoln on Locust.

We granted the motion of Faibish and Olewski to intervene as well as a temporary restraining order on June 21, 2013. The temporary restraining order canceled the Marshal's Sale of the property which was to take place on June 24, 2013. On July 2, 2013, we extended the temporary restraining order through July 17, 2013. We scheduled a preliminary injunction hearing for August 14, 2013.

On August 13, 2013, a day before the hearing was to occur, Faibish, Olewski, East Mark, and Lincoln on Locust filed a stipulation for court approval. We approved the stipulation the same day, and the hearing was cancelled. The Stipulated Order, which is the subject of the pending motion, states:

> It is hereby stipulated agreed [sic] by and between East Mark International, Ltd. ("East Mark"), plaintiff herein, and Adar, LLC d/b/a The Lincoln on Locust, L.P. (collectively "Adar"), defendants herein, and Benzion ("Sam") Faibish and Yehuda Olewski (collectively "Intervenors"), as follows:
> 
> 1. Intervenors' Petition to Strike/Open Confessed Judgment shall be deemed and marked as withdrawn.
> 2. The Subpoena sent by Intervenors, through their counsel, addressed to The Hong Kong and Shanghai Banking Corporation Limited, a/k/a and/or d/b/a HSBC Bank USA, N.A. ("HSBC") shall be deemed and marked as withdrawn.
> 3. East Mark's Motion to Quash the HSBC Subpoena shall be deemed and marked as withdrawn as moot.
> 4. Defendants and intervenors have agreed that the dispute between the parties relating to the property located at and known as 1222-1226 Locust Street, Philadelphia, Pennsylvania 19107 (the "Property"), shall be resolved through an agreed upon Rabbinical Court, in a Bet Din proceeding (the "Bet Din proceeding").

> 5. East Mark shall not take any further
> action on the judgment by confession obtained
> in this case on or about March 6, 2013,
> except as specifically permitted or required
> by the Bet Din proceeding.
> 6. The hearing scheduled for August 14-15,
> 2013, shall be canceled as moot.
> 7. Intervenors' bond posted in this matter
> shall be released to Intervenors.

The court retained jurisdiction to enforce the terms of the stipulation.

On October 17, 2013, Faibish and Olewski, along with IM Rottenburg and Kalman Farkas, filed the pending motion "to enforce stipulated order and for mandatory injunctive relief." Rottenburg and Farkas are not parties to this action and have not moved to intervene. In their motion, intervenors maintain that ADAR as well as East Mark violated the Stipulated Order when East Mark filed on September 17, 2013 an "emergency petition to strike the lis pendens filed against the property located at 1222-1226 Locust Street, Philadelphia, Pennsylvania, and to complete specific performance under agreement of sale" in the Court of Common Pleas of Philadelphia County. See East Mark International, LTD. v. Lincoln on Locust, L.P. et al., Phila. C.P. Ct., September Term, 2013, No. 01879.

The defendants in that state court action are Lincoln on Locust, ADAR, and the Bet Din Rabbinical Court c/o Rabbi Moshe Gobioff. In the petition, East Mark claimed that a July 30, 2012 order of a Bet Din, that is, a Rabbinical Court, which had been filed with Philadelphia County Recorder of Deeds, was a lis pendens on the property and operated as a cloud on the title.

That Rabbinical Court Order, as will be discussed later, limited the right of Lincoln on Locust to sell the property. Furthermore, East Mark averred that in a related code enforcement proceeding, the Court of Common Pleas of Philadelphia County had granted the City of Philadelphia's request for a self-executing order that requires the property owner to fix the structural problems existing at the property and allows the city to demolish the property within 30 days of the court's September 10, 2013 order.

The Common Pleas Court granted the petition a few days later on September 24, 2013 and struck the July 30, 2012 order of the Bet Din filed with the Recorder of Deeds of Philadelphia County. According to Faibish and Olewski, they were not notified of the petition filed by East Mark, and Rabbi Gobioff was served during the Jewish holiday of Sukkot when he was not allowed to read the papers and respond in a timely fashion to the petition.[2]

With the lien removed, there was now no impediment recorded on the title to prevent Lincoln on Locust from selling the property to a third party. As it turned out, Lincoln on Locust had entered into an agreement of sale with Pelican Properties, LLC, an arms-length buyer, back on January 30, 2013, subject to the removal of the lis pendens. The consideration was to be $2,220,000. The property had been independently appraised

---

[2] We have been advised that an appeal was filed on October 24, 2013 to the September 24, 2013 Order of the Common Pleas Court striking the July 30, 2012 Order of the Bet Din from the record of the Recorder of Deeds.

at a value of $2,300,000.  Closing took place on September 25, 2013, a day after the lis pendens was removed.  The deed was immediately recorded in the name of Twelve22 LP,[3] which deposited $513,675.59 of the purchase price in escrow with First Platinum Abstract Title Company and was scheduled to pay the balance, $1,785,509.18, on October 25, 2013.[4]  Since East Mark, the mortgagee, was due more than the sale price, all moneys would end up with East Mark and none with the seller, Lincoln on Locust.

All parties concede that the building at 1222-1226 Locust Street is in a dangerous condition.  A fire in 2006 destroyed some of the interior walls, which are now supported with shoring.  The exterior masonry is unstable in places and may become a danger to the public.  As noted above, the Court of Common Pleas of Philadelphia County granted an order which requires the property owner to fix the structural problems existing at the property and allows the city to demolish the property within 30 days of the court's September 10, 2013 order.

Faibish and Olewski argue in their pending motion here that ADAR and East Mark violated the August 13, 2013 Stipulated

---

[3] Twelve22 LP is a subsidiary of Pelican Properties, LLC. The owner of Twelve22 LP and Pelican Properties, LLC is David Perlman, a Philadelphia real estate developer.

[4] The agreement of sale contains a clause which permits the buyer to terminate the agreement and have all deposits returned in the event that a lawsuit against the buyer or a lis pendens against the property is filed at any time between the settlement date and the payment date.  If buyer chooses to exercise that option, it must notify the seller in writing of its intention to terminate the transaction within 72 hours of receipt of notice of the filing of a lawsuit or lien.

Order approved by this court because the sale of the property was not authorized by a Bet Din, that is, a Rabbinical Court. They seek relief in the form of an injunction requiring any funds obtained by East Mark, Lincoln on Locust or ADAR, or any person in privity with those entities, deriving from the sale of the property to be paid immediately into the registry of the court. They also request a finding that ADAR and Lincoln on Locust violated the Stipulated Order by selling the property without permission of a Bet Din. Intervenors finally ask the court to enforce the Stipulated Order and require the parties to follow the ruling of the Bet Din which prohibits the sale of the property to a third party without permission. We held a hearing on the emergency motion on October 24 and 25, 2013.

The first issue we must resolve is what is meant by "an agreed upon Bet Din" as described in paragraph 4 of the Stipulated Order. On September 5, 2011, Faibish, Olewski, Unger, and Andre Engel signed an Agreement to Submit to Arbitration before a Bet Din (the "first Bet Din") "all disputes between the parties including but not limited to, Lincoln on Locust LP and ADAR LLP." East Mark was not a party to this arbitration proceeding. The arbitrators in this Bet Din are: Rabbi Yekusiel Zelman Graus, selected by Faibish and Olewski; Rabbi Yitzchak Chaim Seltenreich, selected by Ungar and Andre Engel; and a third, neutral arbitrator, Rabbi Moshe Shlomo Gobioff, who was agreed upon by the parties. The Agreement to Arbitrate requires

that any award of the arbitrators shall be in writing and signed by at least two of the Rabbis.

On July 30, 2012, the first Bet Din issued an "Interim Rabbinical Court Ruling" which states that the defendants, Ungar and Andre Engel, "<u>shall not alter any ownership of the asset</u> or portion thereof, or transfer any portion of the shares to any third entity, and not to collateralize the asset through a mortgage or any other manner <u>beyond currently existing mortgages</u> against the asset..." [emphasis added]. The asset was identified as the property located at 1222-1226 Locust Street. The ruling was signed by Rabbis Gobioff and Graus. Shortly after the ruling was handed down, it was recorded with the Philadelphia County Recorder of Deeds. Thus, Lincoln on Locust was prohibited from selling the property without authorization from the first Bet Din. East Mark, as noted above, was not a party to the Agreement to Arbitrate, and its mortgage, which preexisted the July 30, 2012 ruling of the first Bet Din, was not affected.

In August, 2013, while the Confession of Judgment filed by East Mark and related motions filed by intervenors were pending before this court, Faibish made a complaint within the Belz community of Rabbis and requested that a second Bet Din be convened (hereinafter the "second Bet Din"). All parties to this lawsuit, including East Mark through Gershon Engel, bound themselves to appear before that Rabbinical Court. The Belz community used a different procedure for selecting Rabbis than was used in connection with the first Bet Din. A panel of 10 to

15 Rabbis selected, without input from the parties, Rabbis Moshe Gobioff, Meir Hacohen Mayes, and Asher Anshil Ekstein to preside. The purpose of the second Bet Din, however, was quite limited. Its charge was to help bring about a stipulation of the parties to have their dispute resolved outside of the federal court.

On August 8, 2013, the second Bet Din convened and issued an oral ruling which urged the parties to enter into a stipulation to avoid further federal court litigation. It recognized that a "major dispute" was being arbitrated before a Rabbinical Court consisting of Rabbis Gobioff, Seltenreich, and Graus. It was also agreed by the second Bet Din and the parties thereto that any decision of this Bet Din "shall not contradict any decision of [the first Bet Din], and that the jurisdiction over the main dispute will continue to be pending with [the first Bet Din]." Any evidence to the contrary that the second Bet Din had broader jurisdiction is not credible.

Lincoln on Locust at all times was obligated to abide by the July 30, 2012 ruling of the first Bet Din prohibiting it from selling or altering the ownership of the property at 1222-1226 Locust Street without written authorization from the first Ben Din or Faibish and his partners. There is no credible evidence that any such authorization was ever forthcoming from the first Bet Din or Faibish and his partners or any other Bet Din having jurisdiction. Lincoln on Locust clearly violated the September 5, 2011 Agreement to Arbitrate and the July 30, 2012 Interim Rabbinical Ruling when it entered into an agreement of

-9-

Sale with Pelican Properties, LLC and then sold the property to its related entity, Twelve22 LP. By selling the property, Lincoln on Locust also clearly violated paragraph 4 of the Stipulated Order of this Court, which provides:

> Defendants and intervenors have agreed that the dispute between the parties relating to the property located at and known as 1222-1226 Locust Street, Philadelphia, Pennsylvania 19107 ("the property") shall be resolved through an agreed upon Rabbinical Court, in a Bet Din proceeding.

Paragraph 4 of this court's Stipulated Order only required ADAR, Lincoln on Locust, and the intervenors to submit their dispute to a Bet Din. This provision of the Stipulated Order did not apply to East Mark. For its part, East Mark was simply obligated in paragraph 5 "not [to] take any further action on the judgment by confession obtained in this case on or about March 6, 2013, except as specifically required by the Bet Din proceeding." Whatever the legality of East Mark's actions in state court to remove the lis pendens, that is, the July 30, 2012 ruling of the first Bet Din recorded with the Recorder of Deeds, its actions there did not involve "further action on the judgment by confession" entered in this Court and did not violate the Stipulated Order. While East Mark also voluntarily withdrew its confession of judgment in this court, that withdrawal, in our view, did not disregard the Stipulated Order since it accomplished one of the goals of the parties before the Bet Din.

We next turn to the issue of harm to the intervenors, Faibish and Olewski and their partners, who claim they have a

42.5% ownership interest in Lincoln on Locust.[5]  Even if they are correct as to their ownership interest, they will suffer no harm in this respect from the sale of the property.  As part of the August 13, 2013 Stipulated Order, Faibish and Olewski withdrew their petition to Strike/Open Confession of Judgment in which they claimed that East Mark's underlying mortgage was a fraud.  Thus, the intervenors are no longer challenging the validity of East Mark's mortgage here.  That mortgage, as noted above, is in the amount of $3,600,000, far greater than the price of $2,220,000 Twelve22 LP is paying for the property.  Consequently, East Mark will receive all the proceeds of any sale and nothing will remain to be paid to Lincoln on Locust or its partners, no matter what their ownership interest.

Faibish and Olewski also claim that there were negotiations with Lincoln on Locust for them to buy the property and that the parties had orally agreed to many of the terms of a sale.  Nowhere however have Faibish and Olewski maintained or shown that an agreement had been reached on all the material terms to a complex transaction such as this.  No executed writing has been produced.  We find that no Bet Din has been asked by the parties to rule on this subject and none has done so.  Further, under Jewish law, without an agreement between the parties, a Bet

---

[5]We note that under the Lincoln on Locust partnership agreement, the sale of any property requires the approval of 51% of the ownership interests.  Faibish and Olewski, as limited partners with a 42.5% stake, cannot prevent the sale based on the terms of the partnership agreement.

-11-

Din cannot compel a majority owner of a property to sell its interest to a minority owner such as Faibish and Olewski claim to be. In sum, Faibish and Olewski have established no evidence of a recognized harm from any failure to become the purchasers of the property at 1222-1226 Locust Street.

We also keep in mind the poor condition of the building at 1222-1226 Locust Street. It suffered from a devastating fire in 2006 which caused serious structural damage. There are safety concerns related to its walls. Bricks have fallen from its facade. The current owners of Lincoln on Locust have done little to rectify the situation. The Court of Common Pleas of Philadelphia County has granted a self-executing order filed by the City of Philadelphia requiring the property owner to fix the structural problems existing at the property. The order allows the city to have the building demolished if prompt action is not taken to make significant repairs. We are advised that a hearing is scheduled for October 29, 2013 with respect to the potential demolition. Twelve22 LP has agreed to invest a sizeable sum of money for the restoration of the building. Any investment of this kind is in the public interest. Time also appears to be of the essence.

There is one final matter. We cannot overlook the flagrant violation by Lincoln on Locust of the court's August 13, 2013 Stipulated Order by proceeding with the voluntary sale of the property without the approval of the first Bet Din and in contravention of its July 30, 2012 Interim Rabbinical Court

Ruling.  Counsel for Lincoln on Locust virtually admitted as much at the hearing before this court.  If a party thought there was a valid basis for modifying or vacating the Stipulated Order, it could have filed a motion to this effect.  Instead Lincoln on Locust decided to plow ahead to sell the property in late September, 2013, in total disregard of what this court had decreed.  There was no rational ground at that time to believe that any Bet Din with jurisdiction had authorized the sale of 1222-1226 Locust Street.  While East Mark was free to file a new confession of judgment and force a sale, it had not done so.  In short, there was no justification for disregarding the Stipulated Order, particularly since Lincoln on Locust had agreed to it and its counsel, who participated in representing Lincoln on Locust at the sale, had signed the Stipulation.

In fairness to the intervenors, Faibish and Olewski, we will order Lincoln on Locust and its counsel, jointly and severally, to compensate them for their reasonable counsel fees and costs in connection with their emergency motion to enforce Stipulated Order and for mandatory injunctive relief.  We impose the sanctions pursuant to Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure for failure to obey a pretrial order.  <u>Poulis v. State Farm Fire and Cas. Co.</u>, 747 F.2d 863, 869 (3d Cir. 1984).  <u>See also</u> <u>Marshak v. Treadwell</u>, 595 F.3d 478, 493-94 (3d Cir. 2009); <u>Ranco Indus. Prods. Corp. v. Dunlap</u>, 776 F.2d 1135, 1139 (3d Cir. 1985).

The emergency motion of intervenors Benzion "Sam" Faibish and Yehuda Olewski to enforce Stipulated Order and for mandatory injunctive relief will be denied but reasonable counsel fees and costs will be imposed on Lincoln on Locust and its counsel, O'Connor Kimball LLP, jointly and severally, as described above.